# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG - 7 2002

LUTHER D. THOMAS, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BOBBY WALKER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO. 1:00-CV-0367-CC |
| ) | |
| WORLD CHAMPIONSHIP WRESTLING, INC., ) | |
| TURNER SPORTS, INC. and TURNER ) | |
| BROADCASTING SYSTEM, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants Universal Wrestling Corporation, formerly known
as World Championship Wrestling, Inc. ("WCW"), Turner Sports,
Inc. ("TSI") and Turner Broadcasting System, Inc. ("TBS")
(collectively "Defendants") hereby answer Plaintiff Bobby
Walker's Third Amended Complaint as follows:

## FIRST DEFENSE

Defendants respond to the individually numbered paragraphs
of Plaintiff's Third Amended Complaint (the "Complaint") as
follows:

In response to the unnumbered introductory paragraph
beginning the Complaint, Defendants deny the allegations
contained in that paragraph, except that they admit that

1023437_3.DOC

83

Plaintiff has commenced this action and purports to bring the causes of action he lists in this introductory paragraph.

## JURISDICTION

### 1.

Defendants admit the allegations contained in paragraph 1 of the Complaint, except that they deny that Plaintiff is entitled to any relief from Defendants under 42 U.S.C. § 1981, 42 U.S.C. § 2000e et seq., or under any other statute or cause of action.

### 2.

Defendants admit the allegations contained in paragraph 2 of the Complaint.

### 3.

Defendants admit the allegations contained in paragraph 3 of the Complaint.

## PARTIES

### 4.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except that they admit that Bobby Walker purports to be an African-American male.

### 5.

Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of the Complaint, except that Defendants admit that TSI is a Georgia Corporation.

7.

Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.

Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of paragraph 9 of the Complaint.  Defendants deny the allegations contained in the fourth sentence of paragraph 9 of the Complaint.

### FACTS

### Background

10.

Defendants deny the allegations contained in paragraph 10 of the Complaint, except that Defendants admit that Plaintiff purports to be an African-American citizen who had a contractual relationship with WCW as a professional wrestler.

11.

Defendants deny the allegations contained in paragraph 11 of the Complaint, except that Defendants admit that WCW operated a professional wrestling promotion.

12.

Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Complaint, except that Defendants admit that the outcomes of WCW professional wrestling events were predetermined, and that WCW was involved in determining the outcome of matches and developing story lines for wrestlers.

14.

Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Complaint.

## The Relationship Between Defendants WCW, Turner Sports and TBS

### 17.

Defendants deny the allegations contained in paragraph 17 of the Complaint.

### 18.

Defendants deny the allegations contained in paragraph 18 of the Complaint.

### 19.

Defendants deny the allegations contained in paragraph 19 of the Complaint.

### 20.

Defendants deny the allegations contained in paragraph 20 of the Complaint.

### 21.

Defendants deny the allegations contained in paragraph 21 of the Complaint.

### 22.

Defendants deny the allegations contained in paragraph 22 of the Complaint.

### 23.

Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Complaint, except that Defendants admit that for a period of time, Mr. Eric Bischoff reported to Dr. Harvey Schiller, who at that time held the position of President of Turner Sports, Inc.

27.

Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Complaint.

## **Bobby Walker's Relationship with Defendants**

30.

Defendants admit the allegations contained in the first sentence of paragraph 30 of the Complaint.  Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of the Complaint

32.

Defendants admit the allegations contained in the first sentence of paragraph 32 of the Complaint.  In response to the remaining allegations contained in paragraph 32 of the Complaint, Defendants state that the Settlement Agreement is a written document that speaks for itself as to content and legal effect, and deny any allegations that are inconsistent with the terms of that Agreement.

33.

In response to the allegations contained in the first and second sentences of paragraph 33 of the Complaint, Defendants admit that Plaintiff signed the contract with WCW that was attached to Plaintiff's previously filed Complaint as Exhibit "A".  Defendants further state that the contract is a written document that speaks for itself as to content and legal effect, and Defendants deny all allegations that are inconsistent with

the terms of that contract.  Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34.

Defendants admit the allegations contained in paragraph 34 of the Complaint.

35.

Defendants deny the allegations contained in paragraph 35 of the Complaint.

**Advancement in WCW**

36.

Defendants deny the allegations contained in the first and second sentences of paragraph 36 of the Complaint.  Defendants deny the allegations contained in the third sentence of paragraph 36 of the Complaint, except that Defendants admit that one way wrestlers providing services to WCW received exposure to the public was by appearing on WCW's weekly and monthly televised wrestling matches.  Defendants deny the allegations contained in the fourth sentence of paragraph 36 of the Complaint, except that Defendants admit that at various times WCW produced pay-per-view events and weekly "Nitro", "Thunder" and other televised wrestling events.

37.

Defendants deny the allegations contained in the first sentence of paragraph 37 of the Complaint.  Defendants deny the

allegations contained in the second sentence of paragraph 37 of
the Complaint, except that Defendants admit that WCW was
typically responsible for scheduling its wrestling matches and
scheduling wrestlers to appear on its televised programs, and WCW
was involved in determining the outcome of its wrestling matches.

38.

Defendants deny the allegations contained in paragraph 38 of
the Complaint, except that Defendants admit that Exhibit "A"
attached to Plaintiff's Second Amended Complaint purports to be a
paycheck.  Defendants further state that Exhibit "A" is a written
document that speaks for itself as to content and legal effect,
and Defendants deny any allegations inconsistent with the terms
of that document.  Defendants deny the remaining allegations
contained in paragraph 38 of the Complaint.

39.

Defendants deny the allegations contained in paragraph 39 of
the Complaint, except that Defendants admit that at times WCW
encouraged wrestlers to develop their own individual wrestling
styles and persona.

40.

Defendants deny the allegations contained in the first
sentence of paragraph 40 of the Complaint, except that Defendants
admit that Walker attempted to develop a wrestling style and
persona.  Defendants deny the allegations contained in the second

sentence of paragraph 40 of the Complaint, except that Defendants admit that Plaintiff used the moniker of Bobby "Hardwork" Walker. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 40 of the Complaint.

### Defendants Did Not Promote African-American Wrestlers

41.

Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.

Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.

Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.

Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.

Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.

Defendants deny the allegations contained in paragraph 46 of the Complaint.

1023437_3.DOC

47.

Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.

Defendants deny the allegations contained in paragraph 48 of the Complaint, except that Defendants admit that Plaintiff's contract was not renewed by WCW when it expired in January 2001.

49.

In response to the allegations contained in paragraph 49 of the Complaint, Defendants state that the document referenced by Plaintiff is a written document that speaks for itself as to content and legal effect, and Defendants deny any allegations inconsistent with the terms of that document.  Defendants deny the remaining allegations contained in paragraph 49 of the Complaint.

50.

Defendants deny the allegations contained in paragraph 50 of the Complaint.

## COUNT I

### Intentional Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1981 and/or 42 U.S.C. § 2000e *et seq.*

51.

Defendants incorporate their answers to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.

Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.

Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.

Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.

Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.

Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.

Defendants deny the allegations contained in paragraph 57 of the Complaint.

## COUNT II

## Federal Law Claim for Retaliation

58.

Defendants incorporate by reference their answers to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.

Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.

Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.

Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.

Defendants deny the allegations contained in paragraph 62 of the Complaint.

## COUNT III

### Intentional Infliction of Emotional Distress

63.

Defendants incorporate by reference their answers to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.

Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.

Defendants deny the allegations contained in paragraph 65 of the Complaint.

1023437_3.DOC

66.

Except as expressly set forth herein, Defendants deny all allegations contained in the Complaint.  Defendants further deny that Plaintiff is entitled to any of the relief prayed for in his Complaint or to any other or further relief from this Court.

In further answer to the Complaint, Defendants state the following separate defenses without assuming the burden of proof that would otherwise rest with Plaintiff:

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants on which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

### EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants have acted lawfully and in good faith at all times relevant hereto, and have not violated any statutory or legal right of Plaintiff.

### NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because with respect to Plaintiff, Defendants have acted in good faith and without malice, injurious intent or reckless or gross disregard for Plaintiff's rights at all times and under all circumstances.

### TENTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1981 are barred because no action complained of by Plaintiff or taken by Defendants interfered with or affected Plaintiff's right to make and enforce contracts or any other right guaranteed to Plaintiff by this statute.

### ELEVENTH DEFENSE

Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., are barred to

the extent Plaintiff failed to satisfy the administrative
prerequisites for filing a civil action under that statute.

### TWELFTH DEFENSE

Plaintiff's Title VII claims are barred and this Court lacks
subject matter jurisdiction over those claims which were not
raised in a charge of discrimination timely filed with the Equal
Employment Opportunity Commission ("EEOC") and subject to
investigation and conciliation by the EEOC.

### THIRTEENTH DEFENSE

Plaintiff's Title VII claims are barred and this Court lacks
subject matter jurisdiction over those claims that are based on
conduct allegedly occurring outside the period established by
Title VII for filing a charge of discrimination with the EEOC.

### FOURTEENTH DEFENSE

Any recovery by Plaintiff under Title VII is limited by 42
U.S.C. § 1981a(b)(3).

### FIFTEENTH DEFENSE

Plaintiff's claims under Title VII or 42 U.S.C. § 1981
alleging a racially hostile work environment are barred because
Defendants did not and could not have known of any alleged
racially hostile actions regarding Plaintiff prior to Plaintiff
reporting it to Defendants.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred because any alleged racially hostile behavior or other alleged misconduct by employees of Defendants was outside the scope and authority of their employment, they were not acting as agents of Defendants, and such alleged conduct cannot be attributed to Defendants.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the alleged conduct relating to a hostile work environment was not sufficiently severe or pervasive to constitute a violation of Title VII or 42 U.S.C. § 1981.

### EIGHTEENTH DEFENSE

Plaintiff's claims under Title VII or 42 U.S.C. § 1981 are barred because Defendants exercised reasonable care to prevent and to promptly correct any allegedly racially hostile behavior.

### NINETEENTH DEFENSE

Plaintiff's claims under Title VII or 42 U.S.C. § 1981 are barred because he unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendants or to avoid harm otherwise when he first became aware of the alleged racially hostile behavior.

### TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent he consented to or otherwise welcomed any alleged racially hostile behavior.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because Defendants at all times relevant hereto acted in good faith and based any and all decisions with respect to Plaintiff on legitimate business reasons, without any discriminatory intent, purpose or effect.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by his inability to establish causation and because the terms and conditions of Plaintiff's relationship with Defendants, if any, were based on reasonable factors and causes other than race.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by his inability to prove any damages caused by Defendants.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the failure of Plaintiff to comply with his legal duty to mitigate his alleged damages.

### TWENTY-FIFTH DEFENSE

Defendants reserve the right to assert additional affirmative defenses as facts are developed in the course of additional investigation and discovery.

WHEREFORE, Defendants respectfully request:

> (a)   that the Court dismiss the Complaint against
>        Defendants and enter a judgment in favor of

1023437_3.DOC

18

Defendants on all Counts contained in the

Complaint;

(b)    that all costs of this action, including

attorneys' fees, be taxed against Plaintiff; and

(c)    that the Court grant Defendants such other and all

further relief as the Court deems just and proper.


Respectfully submitted, this 7th day of August, 2002.


TROUTMAN SANDERS LLP

_____

JOHN J. DALTON
Georgia Bar No. 203700
JAMES A. LAMBERTH
Georgia Bar No. 431851
ERIC A. RICHARDSON
Georgia Bar No. 233873
EVAN H. PONTZ
Georgia Bar No. 583577

Suite 5200, Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA  30308-22165
(404) 885-3000

Attorneys for Defendants
Universal Wrestling Corporation
f/k/a World Championship Wrestling,
Inc., Turner Sports, Inc. and
Turner Broadcasting System, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BOBBY WALKER,                          )
                                       )
                Plaintiff,             )
                                       )        CIVIL ACTION FILE
v.                                     )
                                       )        NO. 1:00-CV-0367-CC
WORLD CHAMPIONSHIP WRESTLING, INC.,)
TURNER SPORTS, INC. and TURNER         )
BROADCASTING SYSTEM, INC.              )
                                       )
                Defendants.            )
_____)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of this

***ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT*** upon the interested

parties by depositing a copy of same in the U.S. Mail, properly

addressed with adequate postage, to:

Cary Ichter
Kelly Jean Beard
Charles J. Gernazian
Michelle M. Rothenberg-Williams
MEADOWS, ICHTER AND BOWERS, P.C.
Eight Piedmont Center, Suite 300
3525 Piedmont Road
Atlanta, GA  30305

This 7th day of August, 2002.

_____
Eric A. Richardson

1023437_3.DOC