

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Davis v. World Championship Wrestling, Inc. and Turner Sports, Inc., Civ. File No. 1-00-CV-1716-CC;
Norris v. World Championship Wrestling, Inc., Turner Sports, Inc., Civ. File No. 1:00-CV-0369-CC
Reeves v. World Championship Wrestling, Inc. and Turner Sports, Inc., Civ. File No. 1-00-CV-1720-CC;
Walker v. World Championship Wrestling, Inc., Turner Sports, Inc., Civ. File No. 1:00-CV-0367-CC;
Patterson v. World Championship Wrestling, Inc., Turner Sports, Inc., Turner Entertainment Group, Inc., Civ. File No. 1:01-CV-1152-CC

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND TO SUPPLEMENT THE RECORD WITH DECLARATION OF ELVIN CARTER

COME NOW Plaintiffs Marcial Davis, Harrison Norris, Rick Reeves, Bobby Walker, and Claude Patterson, and hereby submit their Reply Brief in Support of their Motion for Leave to File Supplemental Brief And To Supplement The Record With Declaration of Elvin Carter, showing the Court as follows:

### INTRODUCTION

Defendants mischaracterize Plaintiffs' intent with respect to providing this Court with the recent Second Circuit persuasive authority of Malave v. Potter, 2003 U.S. App. LEXIS 3024 (2nd Cir. 2003). In providing the Malave decision to the Court, Plaintiffs were merely attempting to ensure that the Court is aware of this authority in adjudicating the pending

Motions for Summary Judgment. Plaintiffs are not conceding, in any way, that their statistical evidence is deficient.

Although Plaintiffs are confident that their statistical evidence will withstand any Daubert Motion, the Malave decision is instructive in cases where underlying data may be deficient in some respects. The Court need not consider Plaintiffs' Supplemental Brief, or the Malave decision, if it chooses not to do so; nevertheless, Plaintiffs offer the decision for the Court's benefit.

As to the Declaration of Elvin Carter ("Carter Declaration", attached as Exhibit D to Plaintiffs' Motion), Defendants fail to acknowledge that Mr. Carter's testimony is highly relevant because it addresses the racial bias and racial attitudes of some of the key significant decision-makers and managers at WCW.

Notwithstanding the fact that Mr. Carter did wrestler in 1991 and 1992, his testimony regarding the racial bias of decision-maker Terry Taylor, Power Plant manager Jody Hamilton, as well as booker and agent Arn Anderson is additional evidence of WCW officials' discriminatory animus. Each of these individuals worked at WCW when Plaintiffs wrestled at WCW.

## ARGUMENT AND CITATION OF AUTHORITY

### I. THIS COURT IS ENTITLED TO CONSIDER THE *MALAVE* DECISION

Plaintiffs readily acknowledge that the Malave decision is distinguishable in that Malave was a disparate impact case. (See Defendants' Opposition at 3). But this distinction does not vitiate Malave's central holding that district courts should not summarily dismiss statistical evidence merely because one party challenges the underlying data.

Although the deficiencies in Malave were much more substantial than any deficiencies in Plaintiffs' data, the decision suggests that this Court should not grant summary judgment merely because Defendants attack Plaintiffs' underlying data.

In any event, by presenting this persuasive authority to this Court, Plaintiffs are not admitting any deficiencies in their statistical evidence.[1]

---

[1] Defendants' statement that Plaintiffs are somehow conceding weakness in their statistical evidence is wholly misplaced. Because of page limitations, Plaintiffs did not have the opportunity to fully brief all of the issues surrounding Defendants' data upon which Plaintiffs based their statistical analysis. The Magistrate, however, is aware of the background of Plaintiffs' efforts to force Defendants to identify the wrestlers and provide pay information for relevant years so that Plaintiffs' expert could perform a statistical analysis. Furthermore, Plaintiffs remain fully prepared to brief their statistical evidence if the parties do not resolve these cases through mediation and if Defendants file their Daubert Motion, as they indicate.

## II. PLAINTIFFS SHOULD BE ALLOWED TO SUPPLEMENT THE RECORD WITH ELVIN CARTER'S DECLARATION BECAUSE THE EVIDENCE IS HIGHLY RELEVANT TO PLAINTIFFS' CLAIMS

The evidence contained in Elvin Carter's Declaration is highly relevant and admissible. Defendants' argument that the Declaration of Elvin Carter adds nothing of probative value because Carter was involved with WCW in 1991 or 1992 (See Defendants' Opposition at 5) is misplaced. The Declaration of Elvin Carter contains relevant evidence regarding the racial bias of WCW decision-makers, such as Taylor, Hamilton, and Arn Anderson. Each of these three persons became significant managers and/or decision-makers. Because intent is a central issue as to many of Plaintiffs' claims, the Court should consider Mr. Carter's Declaration (in addition to the remaining evidence of racial bias) in adjudicating the pending motions for summary judgment.

The evidence does not constitute hearsay because the Declaration reveals WCW officials' intent and state of mind, and therefore is an exception to hearsay under Federal Rule of Evidence 803(3).

Furthermore, the evidence is admissible because it constitutes an admission by a party opponent. For example, Terry Taylor, a WCW official authorized to act on behalf of the Defendants, admitted to Mr. Carter that "a black man is not

- 4 -

going to make it, so why don't you find other work." (Carter Declaration at ¶ 11). He further admitted to Mr. Carter that he (Taylor) did not believe that anyone would pay to see black men wrestle. (Carter Declaration at ¶¶ 10-12).

Lastly, Defendants have not been prejudiced in any way. Defendants do not point to any rebuttal evidence, or any steps they would have taken if Plaintiffs had filed the Carter Declaration earlier. Instead, Defendants merely argue that the Carter Declaration "adds nothing off probative value to the record and should not be considered." (See Opposition at 4).

## CONCLUSION

Plaintiffs respectfully request this Court to allow Plaintiffs to supplement the record with the Declaration of Elvin Carter. Plaintiffs further respectfully submit that the Court is entitled to consider the persuasive authority that Plaintiffs have provided the Court, and allow Plaintiffs to file a supplemental brief regarding that persuasive authority if the Court is so inclined.

Respectfully submitted this 8th day of May, 2003.

*/s/ Charles Gernazian*
Cary Ichter
Georgia Bar No. 382515
Charles J. Gernazian
Georgia Bar No. 291703
Michelle M. Rothenberg-Williams
Georgia Bar No. 615680

**MEADOWS, ICHTER & BOWERS, P.C.**
Fourteen Piedmont Center, Suite 1100
3535 Piedmont Road
Atlanta, GA 30305
Telephone: (404) 261-6020
Telecopy: (404) 261-3656

## CERTIFICATE OF SERVICE

This is to certify that I have this date served opposing counsel to this action with the foregoing **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND TO SUPPLEMENT THE RECORD WITH DECLARATION OF ELVIN CARTER** by causing a copy of same to be deposited in the United States Mail in a properly addressed envelope with postage affixed thereon and addressed as follows:

> Eric Richardson, Esq.
> Evan Pontz, Esq.
> Troutman Sanders LLP
> Suite 5200, Bank of America Plaza
> 600 Peachtree Street, N.E.
> Atlanta, Georgia 30308-22165

This 8th day of May, 2003.

Charles J. Gernazian
Georgia Bar No. 291703

G:\WCW\Common to All\Pleadings Consolidated\Pls' Reply Brf Supp Leave to File.doc